# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATELIER EUMORI,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A",<br><br>Defendants. | Civil Action No. 2:26-cv-899-MRH<br><br>Honorable Mark R. Hornak<br><br>JURY TRIAL DEMANDED |

## SUPPLEMENTAL REPORT IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Atelier Eumori ("Plaintiff") submits this Supplemental Report in response to the Court's June 5, 2026 Order directing Plaintiff to supplement its filings before any show-cause or other hearing concerning preliminary injunctive relief.

This Report addresses the topics identified by the Court, including prior enforcement actions, any currently existing equitable relief against Defendants, Plaintiff's position concerning alternative service and *Smart Study Co., Ltd. v. Shenzhenshixindajixieyouxiangongsi*, No. 24-313 (2d Cir. Dec. 18, 2025), reported at 2025 WL 3672740 and 164 F.4th 164, frozen assets, sales information, and future requests for permanent or monetary relief.

## I. Prior Actions and Existing Injunctions

Plaintiff has not previously brought any action, claim, or proceeding in any court or tribunal against any named Defendant in this action in which Plaintiff sought to enforce U.S. Copyright Registration Nos. VA2369855 and VA2394891, the copyrights involved in this action.

Accordingly, no Defendant in this action is currently enjoined in any prior action brought by Plaintiff for alleged infringement or violation of the copyrights at issue here.

**II. Service, Actual Notice, and *Smart Study***

Plaintiff is not seeking additional authorization for alternative service at this time for purposes of the pending request for preliminary injunctive relief. Plaintiff has provided notice to Defendants by email using the email addresses associated with the seller accounts produced by Amazon and/or reflected in the production materials, and Plaintiff has begun settlement communications with Defendants, many of whom have responded.

To avoid ambiguity, Plaintiff does not ask the Court at this stage to deem electronic notice sufficient for purposes of any default judgment, permanent injunction, or money judgment. If Plaintiff later seeks default judgment, permanent injunctive relief, or other monetary relief, Plaintiff will provide additional factual allegations and evidence showing why jurisdiction is proper, why service is appropriate and permissible, and why joinder remains proper as to the defendants against whom such relief is sought.

To the extent the Court construes any prior or current request as seeking authorization for alternative electronic service, Plaintiff respectfully submits that any order should conform to *Smart Study* by preserving the distinction between notice for purposes of preliminary relief and formal service sufficient to support default or final judgment. If a Defendant's physical address is "known" and the Hague Convention applies, Plaintiff will proceed in a Hague-compliant manner or seek relief supported by a defendant-specific factual record. If, after reasonable diligence, a Defendant's address is not known or cannot be confirmed, Plaintiff may request appropriate relief under Rule 4(f)(3) based on that record.

Plaintiff therefore requests that the Court proceed on the pending preliminary-injunction request based on the notice already provided and the evidence submitted, while leaving formal service issues for any later default, permanent-injunction, or money-judgment motion.

**III. Frozen Assets and Sales Information**

Amazon production for the seller accounts identified in Schedule A reflects an aggregate U.S. account balance of $446,498.76 across 28 Defendants, with an average balance of $15,946.38 per Defendant.

The smallest frozen balance reflected in the production is $-620.99, corresponding to Defendant No. 3 (Aivioi Direct). The largest frozen balance reflected in the production is $271,728.89, corresponding to Defendant No. 26 (FEISEDY).

Defendants with cumulative balances of $10,000 or greater are Defendant No. 26 (FEISEDY), with $271,728.89, and Defendant No. 27 (G & Y), with $162,169.01. A complete defendant-by-defendant listing is attached as Exhibit A.

The same Amazon production reflects cumulative U.S. sales of 23,118 units of the allegedly infringing products and $193,118.67 in gross merchandise sales. The production available to Plaintiff does not separately identify Pennsylvania-specific units or revenue. Plaintiff will supplement this information if a state-specific sales breakdown is produced or otherwise becomes available.

**IV. Future Default, Permanent Injunction, or Money-Judgment Relief**

Plaintiff is not moving in this submission for permanent injunctive relief, default judgment, or any other money judgment. To the extent Plaintiff later seeks such relief, Plaintiff will provide the additional factual showing requested by the Court, including defendant-specific facts concerning personal jurisdiction, service, and joinder.

For the foregoing reasons, Plaintiff respectfully submits this Supplemental Report and requests that the Court enter the final proposed preliminary-injunction order submitted herewith.

Respectfully submitted,

By: /s/ Xiyan Zhang

Xiyan Zhang
Stratum Law LLC
18 Campus Blvd. Ste. 100
Newtown Square, PA 19073
Phone: (215) 395-8756
xzhang@stratumlaw.com
Counsel for Plaintiff