# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATELIER EUMORI, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A", <br><br> Defendants. | Civil Action No. 2:26-cv-899-MRH <br><br> Honorable Mark R. Hornak <br><br> JURY TRIAL DEMANDED |

## FINAL [~~PROPOSED~~] ORDER GRANTING PRELIMINARY INJUNCTION

AND NOW, this 29th day of June, 2026, upon consideration of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiff's supporting declarations and exhibits, Plaintiff's Supplemental Report, the record in this action, and any response or appearance by Defendants, it is hereby ORDERED as follows:

**Findings**

1. Plaintiff is the owner of U.S. Copyright Registration Nos. VA2369855 and VA2394891, covering the original works embodied in the Social Battery Pin and Mood Tracker Sliding Enamel Pin (the Asserted Copyrights).

2. Defendants identified in Schedule A operate Amazon storefronts through which they have offered for sale and/or sold products that Plaintiff alleges infringe the Asserted Copyrights.

3. Plaintiff has shown a likelihood of success on the merits of its copyright-infringement claims under 17 U.S.C. Section 501.

4. Plaintiff has shown that it is likely to suffer irreparable harm absent preliminary injunctive relief, including loss of control over the Asserted Copyrights, harm to goodwill, consumer confusion, and loss of market position not readily compensable by damages.

5. The balance of equities favors preliminary injunctive relief because the Order restrains only allegedly infringing activity and associated proceeds, while Defendants remain free to sell lawful, non-infringing products.

6. The public interest favors enforcement of valid copyrights and protection of consumers from infringing products.

7. Plaintiff has provided notice of this action and the requested preliminary injunctive relief by email to the seller-account email addresses reflected in the production materials. This Order does not adjudicate whether electronic notice constitutes formal service sufficient to support default judgment, permanent injunctive relief, or money judgment.

**Preliminary Injunction**

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting in active concert or participation with any of them who receive actual notice of this Order are preliminarily enjoined from reproducing, copying, displaying, distributing, advertising, marketing, promoting, offering for sale, selling, importing, exporting, or otherwise using any reproduction, copy, derivative work, or colorable imitation of the Asserted Copyrights in connection with the Infringing Products.

2. Defendants are preliminarily enjoined from using the seller IDs, storefront names, product listings, ASINs, or any other alias account identified in Schedule A to advertise, promote, offer for sale, or sell products bearing or using images that are substantially similar to the works protected by the Asserted Copyrights.

3. Amazon.com and any other marketplace, payment processor, financial institution, or third-party service provider receiving actual notice of this Order and acting in active concert or participation with Defendants shall, to the extent within its possession, custody, or control,

disable or restrict the specific infringing product listings identified in Schedule A and preserve records relating to those listings, seller accounts, sales, revenues, payments, and account balances.

4. Any restrained funds associated with the seller IDs identified in Schedule A shall remain restrained pending further Order of the Court, subject to any defendant's right to appear and move to modify or dissolve the restraint.

5. Plaintiff may serve this Order and related papers by email to the email addresses associated with the seller accounts identified in Schedule A and by any additional method reasonably calculated to provide notice. This paragraph authorizes notice of this preliminary injunction and does not resolve formal service for purposes of default judgment, permanent injunctive relief, or money judgment.

6. Plaintiff shall maintain its bond in the amount previously ordered by the Court.

7. Nothing in this Order prevents any Defendant from selling lawful, non-infringing products or from seeking prompt relief from this Order upon appearance in this action.

**Service and Further Proceedings**

If Plaintiff later seeks default judgment, permanent injunctive relief, or money judgment against any Defendant, Plaintiff shall provide a defendant-specific factual showing concerning personal jurisdiction, service of process, and joinder, including any showing required by the Hague Convention, Federal Rule of Civil Procedure 4(f), and Smart Study Co., Ltd. v. Shenzhenshixindajixieyouxiangongsi, No. 24-313 (2d Cir. Dec. 18, 2025), reported at 2025 WL 3672740 and 164 F.4th 164.

IT IS SO ORDERED.

Mark R. Hornak
United States District Judge

*Entered as of date/time of Electronic Docketing.*