**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ATELIER EUMORI,
Plaintiff,

Civil Action No. 2:26-cv-00899-MRH

v.

JURY TRIAL DEMANDED

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE "A",
Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Tienyuu (Amazon Store ID: (A1ZMUID356A16L)) ("Defendant"), by and through undersigned counsel, hereby answers Plaintiff's Complaint for Damages and Injunctive Relief as follows:

### PRELIMINARY STATEMENT

Defendant generally denies each and every allegation of the Complaint except as specifically admitted below. Defendant specifically denies that it has infringed any valid copyright owned by Plaintiff, that it has engaged in any unlawful conduct, or that Plaintiff is entitled to any relief.

### RESPONSES TO NUMBERED PARAGRAPHS

#### Nature of the Action

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies the same.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's copyright registrations and therefore denies the same. Defendant denies that any of its products infringe any valid copyright.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies the same.

4. Denied. Defendant specifically denies that any of its products are "Infringing Products," that they are designed to confuse or mislead consumers, or that they are likely to cause consumers to believe they are genuine versions of any product of Plaintiff.

5. Denied.

6. Denied.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's copyright registrations and therefore denies the same.

8. Denied. Defendant specifically denies any conspiracy, joint action, or common scheme with other defendants.

9. Denied to the extent it asserts liability against Defendant.

**Jurisdiction and Venue**

10. Admitted that this Court has subject-matter jurisdiction over claims arising under the Copyright Act. Otherwise denied.

11–12. Denied. Defendant specifically denies that this Court has personal jurisdiction over it and denies that venue is proper in this District. Defendant does not transact business in Pennsylvania in a manner that subjects it to personal jurisdiction, does not purposefully direct activities at

Pennsylvania residents sufficient to support jurisdiction, and does not have the requisite minimum contacts with this forum.

## Plaintiff

13–18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff and therefore denies the same. Defendant specifically denies any infringement or unfair competition.

## Defendants

19–25. Denied as to Defendant. Defendant admits only that it operates an online storefront under the Seller ID identified for it in Schedule "A" (if any). Defendant denies all remaining allegations, including any allegations of fraudulent registration, use of aliases for illegal purposes, or ongoing intent to infringe.

## Common Factual Allegations

26–28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's Work and therefore denies the same. Defendant specifically denies any infringement.

## Defendants' Unfair and Deceptive Conduct

29–47. Denied in their entirety as to Defendant. Defendant specifically denies that it has sold, offered for sale, or distributed any infringing products; that it has used Plaintiff's copyrighted images without authorization; that it has engaged in any willful, knowing, or reckless infringement; that its products are substantially similar to Plaintiff's Work; that consumers are likely to be confused; and that Plaintiff has suffered any irreparable harm attributable to Defendant.

**The Scope of Defendants' Activities**

48–49. Denied as to Defendant.

**Count I – Federal Copyright Infringement (17 U.S.C. § 501(a))**

50. Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.

51–57. Denied in their entirety. Defendant specifically denies ownership, validity, or infringement of any copyright asserted by Plaintiff; denies actual or constructive notice of any exclusive rights; denies any unauthorized reproduction, distribution, display, or creation of derivative works; denies willfulness; and denies that Plaintiff is entitled to any damages, profits, statutory damages, injunction, or other relief.

**Prayer for Relief**

Defendant denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief, including but not limited to any injunction, damages (actual, statutory, or enhanced), profits, attorneys' fees, costs, asset restraints, or other equitable or monetary relief.

**DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury on all issues so triable.

**AFFIRMATIVE DEFENSES**

Without assuming any burden of proof that it does not otherwise bear, Defendant asserts the following affirmative and other defenses:

1. Invalidity / Unenforceability of Copyright. Any asserted copyright is invalid, unenforceable, or does not cover the elements alleged to be infringed (including for lack of originality, merger, scènes à faire, or other doctrines).

2. No Substantial Similarity. Defendant's products are not substantially similar to any protected expression in Plaintiff's Work.

3. Independent Creation. Any similarities, if they exist, are the result of independent creation.

4. Fair Use. Any use of copyrighted material (if any) constitutes fair use under 17 U.S.C. § 107.

5. Lack of Willfulness / Innocent Infringement. Any infringement (which is denied) was not willful.

6. No Damages / No Irreparable Harm. Plaintiff has suffered no actual damages or irreparable harm attributable to Defendant.

7. Failure to Mitigate. Plaintiff has failed to mitigate any alleged damages.

8. Unclean Hands / Estoppel / Laches / Waiver. Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands, estoppel, laches, and/or waiver.

9. First Sale Doctrine / Exhaustion. To the extent applicable, the first-sale doctrine or copyright exhaustion bars relief.

10. Statute of Limitations. Any claims outside the applicable limitations period are barred.

11. Misjoinder. Defendant has been improperly joined with other unrelated defendants.

12. Reservation of Rights. Defendant reserves the right to assert additional defenses as discovery proceeds.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court:

A. Dismiss the Complaint against Defendant with prejudice;

B. Enter judgment in favor of Defendant and against Plaintiff;

C. Award Defendant its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505 and any

other applicable law;

D. Grant such other and further relief as the Court deems just and proper.


 Dated: July 28, 2026

                                             /s/ Jianyin Liu
                                             Jianyin Liu, Esq.
                                             1007675
                                             jamesliulaw@gmail.com
                                             The Law Offices of James Liu PLLC
                                             9000 SW 157th St
                                             Palmetto Bay, FL 33157
                                             Ph: (305) 209 6188

**CERTIFICATE OF SERVICE**

        I certify that this document has been served to all parties on record via CM/ECF on this
July 28, 2026.

                                             /s/ Jianyin Liu